# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON, individually and on behalf of all others similarly situated,** | ) ) |
| | ) **Case No. 23-cv-01240-JLS-AHG** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **FREEDOM FOREVER, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT FREEDOM FOREVER, LLC'S PARTIAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

BACKGROUND RELEVANT TO MOTION ...................................................................... 2

    I.      THE PARTIES ........................................................................................................ 2

    II.    THE ALLEGED CALLS AND THIS LAWSUIT ...................................................... 3

ARGUMENT ....................................................................................................................... 4

    I.      PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES SHOULD BE DISMISSED
          BECAUSE THE TCPA DOES NOT CONTAIN A FEE-SHIFTING PROVISION. ..4

    II.    PURSUANT TO 28 U.S.C. § 1404(a), THE COURT SHOULD TRANSFER THIS
          CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
          DISTRICT OF CALIFORNIA. ................................................................................ 5

          A. The "Private Interest" Factors Favor Transfer. ...................................................... 6

              1.  Plaintiff's Choice of Forum in This Proposed Nationwide Class Action Is Not
                  Entitled to Any Deference. ............................................................................ 7

                    a.  The Voluminous Caselaw in This District and Circuit Discounts Any
                      Deference to a Plaintiff's Choice of Forum Where, as Here, the
                      Plaintiff Proposes a Nationwide Class Action. .................................... 7

                    b.  In the Specific Context of a Proposed TCPA Class Action, a Plaintiff's
                      Choice of Forum Is Even Further Minimized. ...................................10

               2.  Freedom Forever's Preference of the Central District of California Weighs in
                  Favor of Transfer. .......................................................................................11

3.  Plaintiff's Litigation History of Filing Similar Lawsuits in Federal Courts All Over the Country Shows That He Will Not Be Inconvenienced by a Transfer. ...................................................................................................................11

a.  The Fact That Plaintiff Proposes a Class Action Dilutes Any "Convenience" Argument from Plaintiff. ...........................................11

b.  Plaintiff Has No Colorable "Convenience" Argument Given the Many TCPA Class Actions He Has Filed in Other Federal District Courts.  12

4.  The "Location of Evidence" Inquiry Favors Transfer. ...................................14

5.  The Remaining Private Interest Factors Are, at Best, Neutral. ......................15

B.  The "Public Interest" Factors Favor Transfer. ......................................................15

1.  This Forum Has No Meaningful Interest in Deciding This Case. .................16

2.  The "Practical Considerations" Inquiry Favors Transfer. .............................17

3.  The Remaining Public Interest Factors Do Not Favor Retention of the Case in This Court. ...................................................................................................18

CONCLUSION ..........................................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Case(s)**                                                                                                    Page(s)

*Abramson v. CWS Apartment Homes, LLC*, 2016 WL 6634933

    (W.D. Pa. Nov. 8, 2016) ...............................................................................13, 15, 16, 17

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ...............................................................................4

*Beychok v. Baffert*, --- F. Supp. 3d ----, 2024 WL 685551 (D.N.J. Feb. 20, 2024) .......... 6-7, 9, 18

*Blender v. Sibley*, 396 F. Supp. 300 (E.D. Pa. 1975) ....................................................................9

*Cibort v. Capital Blue Cross*, 2018 WL 3616862 (E.D. Pa. June 18, 2018) ............................ 5-6

*Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394 (E.D. Pa. 2003) ...............................5

*Donnelly v. Klosters Rederi A/S*, 515 F. Supp. 5 (E.D. Pa. 1981) ...................................................9

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ...........................................................4

*Gen. Refractories Co. v. Washington Mills Electro Minerals Corp.*,

    1995 WL 361164 (E.D. Pa. June 16, 1995) .........................................................8, 14, 18

*Geraci v. Red Robin Int'l, Inc.*, 2019 WL 2574976 (D.N.J. June 24, 2019) ........................15, 17

*Gold Seal Termite & Pest Control Co. v. DirecTV, Inc.*, 2003 WL 21508177

    (S.D. Ind. June 10, 2003) ......................................................................................4

*Haley v. Hughes Network Sys., LLC*,

    2013 WL 5937007 (W.D.N.Y. Nov. 1, 2013) ...................................................................4

*Harris v. American Inv. Co.*, 333 F. Supp. 325 (E.D. Pa. 1971) ....................................................9

*Howell v. Shaw Indus.*, 1993 WL 387901 (E.D. Pa. Oct. 1, 1993) ..................................... 9, 14-15

*Impervious Paint Industries, Ltd. v. Ashland Oil, Inc.*, 444 F. Supp. 465 (E.D. Pa. 1978) ...........9

*In re All Terrain Vehicles Lit.*, 1989 WL 30948 (E.D. Pa. Feb. 23, 1989) ..............................9, 14

*In re United States*, 273 F.3d 380 (3d Cir. 2001) .......................................................................5

*J.C. Corp. Mgmt., Inc. v. Res. Bank*, 2005 U.S. Dist. LEXIS 33433 (E.D. Mo. Sept. 12, 2005) ...4

*Job Haines Home for the Aged v. Young*, 936 F. Supp. 223 (D.N.J. 1996) .....................................9

*Johansen and Shelton v. Sentinel Security Life Ins. Co.*, Case 2:21-cv-00021-DBB

    (D. Utah filed Jan. 12, 2021) ......................................................................................2, 12

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) .................................................6, 15, 16

*Klein v. Vision Lab Telecomm., Inc.*, 399 F. Supp. 2d 528 (S.D.N.Y. 2005) ................................4

*Kline v. United Northern Mortgage Bankers Ltd.*, 2018 WL 4404674

    (M.D. Pa. Sept. 17, 2018) .........................................................................................................4

*Klingensmith v. Paradise Shops, Inc.*, 2007 WL 2071677 (W.D. Pa. July 17, 2007) ...................9

*Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993) ...........................................................................3

*Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947), ........................................................7

*LaGuardia v. Designer Brands, Inc.*, 2020 WL 2463385 (S.D. Cal. May 7, 2020) ...................10

*Logopaint A/S v. 3D Sport Signs SI*, 163 F. Supp. 3d 260, 263 (E.D. Pa. 2016) .................5, 6, 15

*Montgomery v. Schering-Plough Corp.*, 2007 WL 614156 (E.D. Pa. Feb. 22, 2007) ...................8

*Newman v. Direct Energy, L.P.*, 2023 WL 2914788 (D. Md. Apr. 12, 2023)...............................10

*Painadath v. Lattanzio*, 2023 WL 9004920 (E.D. Pa. Dec. 28, 2023) ............................................4

*Perrong v. Timeshare Help Source, LLC*, 2022 WL 5221331 (E.D. Pa. Oct. 5, 2022) 8, 13, 16, 17

*Phillips v. Penske Truck Leasing Co., L.P.*, 2023 WL 2589221 (E.D. Pa. Mar. 21, 2023) ..........18

*Pierucci v. Homes.com Inc.*, 2020 WL 5439534 (D. Ariz. Sept. 10, 2020) ................................10

*Rauhala v. Greater New York Mut. Ins., Inc.*, 2022 WL 16553383

    (E.D. Pa. Oct. 31, 2022) ....................................................................... 7-8, 10, 11, 13, 14

*Richardson v. Verde Energy USA, Inc.*, 2016 WL 7380708 (E.D. Pa. Dec. 19, 2016) .................4

*Samuel v. Aron*, Case 2:23-cv-07728-PSG-PD (C.D. Cal. Jan 12, 2024) ...............................2, 13

*Shelton v. American Business Servs. Inc. d/b/a/ Funding 770*, Case No.

1:24-cv-00777-PAB-STV (D. Colo. filed Mar. 20, 2024) ...........................................2, 12

*Shelton v. Heavy Fluce Inc.*, Case 1:24-cv-01429-KAM-JAM (E.D.N.Y. Feb. 26, 2024) ......2, 12

*Shelton v. Priority Concepts Inc.*, Case 2:24-cv-02581-GRB-JMW

      (E.D.N.Y. Apr. 5, 2024) ........................................................................................2, 12

*Sisti v. Norfolk Southern R. Corp.*, 2023 WL 7110701 (E.D. Pa. Oct. 26, 2023)...........................5

*Smith v. HireRight Solutions, Inc.*, 2010 WL 2270541 (E.D. Pa. June 7, 2010) ....7, 10, 11, 14, 15

*Smith v. Microsoft Corp.*, 297 F.R.D. 464 (S.D. Cal. 2014) .............................................................4

*Tshudy v. Pennsylvania State Univ.*, 2022 WL 4225612 (E.D. Pa. Sept. 13, 2022) ...................17

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .................................................................................5

*Walters v. LandPro Equipment, LLC*, 2023 WL 4919657 (E.D. Pa. Aug. 1, 2023) ......................6

*Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001) ....................................15

*Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824 (W.D. Pa. 2006) .....................................17

**Statutes and Rules**

28 U.S.C. § 1404(a) ......................................................................................................... *passim*

Federal Rule of Civil Procedure 12(b) ............................................................................................3

Telephone Consumer Protection Act ................................................................................... *passim*

**INTRODUCTION**

Defendant, Freedom Forever, LLC ("Freedom Forever"), files this Motion for Partial Dismissal and Motion to Transfer pursuant to 28 U.S.C. § 1404(a). Freedom Forever requests that the Court dismiss the request for attorneys' fees made by Plaintiff, James Shelton, and also asks the Court to transfer this case to the United States District Court for the Central District of California in the interest of justice and for the convenience of the parties.

First, the Court should dismiss Plaintiff's request for attorneys' fees. In the Complaint, Plaintiff pleads alleged violations of the Telephone Consumer Protection Act ("TCPA"), a statute that permits recovery of actual or statutory damages – but not attorneys' fees. The TCPA does not contain a fee-shifting provision. Consequently, there is no basis for Plaintiff to recover attorneys' fees and that request should be dismissed, as another court in this District has ruled.

Second, the Court should transfer the case, in which Plaintiff proposes two nationwide classes, to the Central District of California. Both the "private interest" and "public interest" factors favor transfer. Courts in this District uniformly discount any deference to a plaintiff's choice of forum where, as here, the plaintiff seeks to certify nationwide classes. Additionally, Plaintiff is a frequent TCPA litigant who has filed numerous proposed class actions in federal courts all over the country, demonstrating that he is not inconvenienced by the prospect of litigating a case in any court (including the Central District of California, where Plaintiff has litigated as recently as a few months ago). The Central District of California, where Freedom Forever is headquartered, is the location of the documents and other potential evidence that will be necessary to litigate this case. Courts uniformly have held that proposed TCPA class actions, being largely (if not entirely) attorney-driven, are most appropriately venued in the district in which the defendant resides. Here, that venue is the Central District of California.

Accordingly, and as further discussed herein, Freedom Forever respectfully requests that the Court dismiss Plaintiff's request for attorneys' fees and, moreover, that the Court transfer this case to the United States District Court for the Central District of California in the interest of justice and for the convenience of the parties.

## RELEVANT FACTUAL BACKGROUND

### I.   THE PARTIES

Freedom Forever is headquartered and has its principal place of business in Temecula, California. (Declaration of Steven Wysong "Wysong Decl.," attached as Exhibit A), ¶ 5; *see also* ECF 1, ¶ 4.) Plaintiff, James Shelton, alleges that he "is an individual residing in the Eastern District of Pennsylvania." (*Id.*, ¶ 5.)

Plaintiff is a frequent TCPA litigant who has filed cases all over the country. As detailed herein, Plaintiff has filed at least four nationwide TCPA class action lawsuits in various federal courts, including *three such complaints filed in 2024 alone*. (*See Shelton v. Priority Concepts Inc.*, Case 2:24-cv-02581-GRB-JMW (E.D.N.Y. filed Apr. 5, 2024) (complaint attached as Ex. B hereto); *Shelton v. Amer. Business Servs. Inc. d/b/a/ Funding 770*, Case No. 1:24-cv-00777-PAB-STV (D. Colo. filed Mar. 20, 2024) (complaint attached as Ex. C hereto); *Shelton v. Heavy Fluce Inc.*, Case 1:24-cv-01429-KAM-JAM (E.D.N.Y. filed Feb. 26, 2024) (complaint attached as Ex. D hereto); *Johansen and Shelton v. Sentinel Security Life Ins. Co.*, Case 2:21-cv-00021-DBB (D. Utah filed Jan. 12, 2021) (complaint attached as Ex. E hereto).) Furthermore, Plaintiff has actively litigated in the transferee court, the Central District of California, in 2024. (*See Samuel v. Aron*, Case 2:23-cv-07728-PSG-PD, D.E. 8 (C.D. Cal. Jan 12, 2024 (Ex. F hereto).)

Freedom Forever is headquartered and maintains its principal offices in Temecula, Riverside County, California. (Wysong Decl., ¶ 3.) Freedom Forever's Executive team is based

in Lake Forest, California and Temecula, California. (Wysong Decl., ¶ 4.) The policies generated by the Executive Team are largely developed, maintained, and implemented by personnel located in Temecula, California. (*Id.*) Freedom Forever's relevant policies and practices were developed and implemented in Temecula, California. (*Id.*, ¶ 5.) Documents (both electronic and hard copy) are, for the most part. stored at Freedom Forever's headquarters in Temecula, California. (*Id.*, ¶ 6.) Business records and transactional databases are located at Freedom Forever's headquarters in Temecula, California. (*Id.*) Most of Freedom Forever's key employees who have knowledge or information that relates to the claims made in this case and to Freedom Forever's defenses to those claims arc located at or within 35 miles of Freedom Forever's headquarters in Temecula, California; none of these individuals work or live in Pennsylvania. (*Id.*, ¶ 7.)

## II.   THE ALLEGED CALLS AND THIS LAWSUIT

Plaintiff asserts that he received unwanted text messages and phone calls from a company that, Plaintiff claims, "appears to be a subsidiary of Freedom Forever." (ECF 1, ¶ 28.) Plaintiff alleges that he sent an email to an employee of Boundless (but not to Freedom Forever) in May 2023 requesting a copy of Boundless' Do Not Call ("DNC") Policy. (*Id.*, ¶ 29.) Then, over the two-day period of May 31-June 1, 2024, Plaintiff allegedly received a number of texts from Freedom Forever. (*Id.*, ¶ 32.)

Based on those allegations, Plaintiff purports to seek certification of two nationwide classes – (1) a "National DNC Class" and (2) an "Internal Do Not Call Class." (*Id.*, ¶ 43.)  The Complaint asserts two claims under the TCPA – (1) alleged violations of 47 U.S.C. § 227 for purported calls to Plaintiff despite his phone number allegedly being registered on the National Do Not Call Registry; and (2) alleged violations of 47 U.S.C. § 227(c)(5) for supposed violations of the TCPA's DNC provisions after a request that the alleged calls cease. (*Id.*, ¶¶ 50-59.)

## ARGUMENT

Freedom Forever moves for partial dismissal of Plaintiff's Complaint on the basis that it

seeks attorneys' fees, which are not available under the TCPA. Freedom Forever also moves to

transfer the case to the United States District Court for the Central District of California pursuant

to 28 U.S.C. § 1404(a).

**I.    PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES SHOULD BE DISMISSED BECAUSE THE TCPA DOES NOT CONTAIN A FEE-SHIFTING PROVISION.**

The standards for dismissal under Rule 12(b)(6) are well settled. As this Court has

observed in assessing a Rule 12(b)(6) motion:

> A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the factual allegations in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When confronted with a 12(b)(6) motion, a district court must conduct a two-step analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. It "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

*Painadath v. Lattanzio*, 2023 WL 9004920, *2 (E.D. Pa. Dec. 28, 2023) (Pappert, J.).

Here, Plaintiff requests "[a]ttorneys' fees and costs as permitted by law." (ECF 1 at 12.)

Unfortunately for Plaintiff, such relief is unavailable under the TCPA. Squarely on point is the

Court's decision in *Richardson v. Verde Energy USA, Inc.*, 2016 WL 7380708 (E.D. Pa. Dec.

19, 2016), which cited the caselaw on this issue as follows:

> In . . . the amended complaint, the plaintiffs allege that they are entitled to recover reasonable attorney fees. They cite no authority for such an allegation, and there apparently is no authority under the Telephone Consumer Protection Act for such an award. *See Smith v. Microsoft Corp.*, 297 F.R.D. 464, 469 (S.D. Cal. 2014) ("The TCPA, unlike many consumer protection statutes, does not provide for attorney's fees ..."); *Haley v. Hughes Network Sys., LLC*, No. 12-cv-01079, 2013 U.S. Dist. LEXIS 157104, 2013 WL 5937007 (W.D.N.Y. Nov. 1, 2013) ("The TCPA makes no provision for attorney's fees or costs"); *Klein v. Vision Lab Telecomm., Inc.*, 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005); *J.C. Corp. Mgmt., Inc. v. Res. Bank*, 2005 U.S. Dist. LEXIS 33433 (E.D. Mo. Sept. 12, 2005) ("The

TCPA does not provide for the recovery of attorney's fees ..."); *Gold Seal Termite & Pest Control Co. v. DirecTV*, Inc., No. 03-cv-00367, 2003 U.S. Dist. LEXIS 11205, 2003 WL 21508177 (S.D. Ind. June 10, 2003) ("There is no provision [in the TCPA] that provides for shifting of attorneys' fees or costs ...").

*Id.*, *6. Based on this voluminous caselaw, the Court in *Richardson* granted "the defendant's motion to dismiss the claim for attorneys' fees." *Id.* Post-*Richardson*, other courts have agreed and have dismissed claims and requests for attorneys' fees in cases brought under the TCPA. *See, e.g.*, *Kline v. United Northern Mortgage Bankers Ltd.*, 2018 WL 4404674, *3 (M.D. Pa. Sept. 17, 2018)* ("[Defendant] argues that Mr. Kline's demand for attorneys' fees must be dismissed, because the TCPA does not allow for recovery of such fees. . . . [T]his Court agrees with [defendant].").

In short, Plaintiff asserts claims only under the TCPA, which does not contain a provision for a prevailing party to recover his or its attorneys' fees. Therefore, Plaintiff's request for attorneys' fees in the Complaint should be dismissed.

## II.   PURSUANT TO 28 U.S.C. § 1404(a), THE COURT SHOULD TRANSFER THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.

"A district court 'may transfer the venue of any civil action for the convenience of parties and witnesses or in the interests of justice, to any other district where it might have been brought.'" *Logopaint A/S v. 3D Sport Signs SI*, 163 F. Supp. 3d 260, 263 (E.D. Pa. 2016) (Pappert, J.) (citing *Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001) (citing, in turn, 28 U.S.C. § 1404(a)). As this Court has observed, the "purpose of § 1404(a) is 'to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Logopaint*, 163 F. Supp. 3d at 263 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  Freedom Forever's burden is not particularly onerous; while Freedom Forever "bear[s] that burden here," it is "not required to

show 'truly compelling circumstances for ... change ... [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district.'" *Sisti v. Norfolk Southern R. Corp.*, 2023 WL 7110701, *1 (E.D. Pa. Oct. 26, 2023) (Pappert, J.) (quoting *Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (quoting, in turn, *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) (alterations by *Connors*)). Once the Court determines that the case could have been brought in the transferee district, which is not at issue here,[1] the Court will "then decide whether transfer is in the interest of justice," which "includes consideration of both the relevant private and public interests." *Walters v. LandPro Equipment, LLC*, 2023 WL 4919657, *1 (E.D. Pa. Aug. 1, 2023) (Pappert, J.) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)); *see also Logopaint*, 163 F. Supp. 3d at 265 ("The Third Circuit Court of Appeals considers both public and private interests when deciding whether transfer is appropriate.") (citing *Jumara*).

A.      The "Private Interest" Factors Favor Transfer.

In considering a motion to transfer under § 1404(a), "[t]he private interests to assess are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent it cannot be produced in a particular forum." *Logopaint*, 163 F. Supp. 3d at 265 (citing *Jumara*, 55 F.3d at 879). Here, these "private interest"

---

[1] There is no question that the case could have been brought in the Central District of California, the transferee district. Freedom Forever is headquartered in Temecula, which is in the Central District of California. (Wysong Decl., ¶ 4.) That fact alone is sufficient to satisfy the first element of the 1404(a) inquiry. *See, e.g.*, *Cibort v. Capital Blue Cross*, 2018 WL 3616862, *2 (E.D. Pa. June 18, 2018) (Pappert, J.) (venue appropriate in transferee court where defendant's "principal place of business is located there").

factors weigh in favor of transfer.

      **1.  Plaintiff's Choice of Forum in This Proposed Nationwide Class Action Is Not Entitled to Any Deference.**

          **a.  The Voluminous Caselaw in Third Circuit Courts Discounts Any Deference to a Plaintiff's Choice of Forum Where, as Here, the Plaintiff Proposes a Nationwide Class Action.**

Plaintiff's choice of this Court as the forum is not entitled to significant deference because he is proposing a nationwide class action. A district court in this Circuit recently explained why, in these circumstances, a plaintiff's forum choice is entitled to little deference:

> In cases that seek to pull in class members from across the country, the plaintiffs' choice of a particular forum commands less deference. After all, the named Plaintiffs hope their case will eventually branch out to include many other people. But for those other people, the forum that was initially chosen may or may not be an especially appropriate one.

*Beychok v. Baffert*, --- F. Supp. 3d ----, 2024 WL 685551, *7 (D.N.J. Feb. 20, 2024) (granting motion to transfer).

Squarely on point is the Court's decision in *Smith v. HireRight Solutions, Inc.*, 2010 WL 2270541 (E.D. Pa. June 7, 2010), which, like this case, proposed a nationwide class action under a federal statute (in *Smith*, the Fair Credit Reporting Act). The defendant was headquartered in the Northern District of Oklahoma and sought transfer to that district. Discounting the deference of the plaintiff's choice of forum, the Court, applying the leading Supreme Court case of *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947), held that "as dictated by the United States Supreme Court, the choice of forum of a named plaintiff in a class action suit should be given less deference since any member of the putative class could potentially bring suit in his or her own forum." 2010 WL 2270541, *3.[2] The Court concluded that "Pennsylvania maintains no

---

[2] In *Kosterman*, the Supreme Court held that "where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one

substantive connection to the suit" and "because this case was brought as a nationwide class

action, an Oklahoma forum could conceivably be just as convenient to a large number of the

putative members of the class. Given these circumstances, the named Plaintiff's choice of forum

is not entitled to considerable deference." *Id.*

      The *Smith* ruling is consistent with the overwhelming case law from this District. Indeed,

for over 50 years, courts in this District consistently have discounted a plaintiff's choice of forum

where, as here, the plaintiff seeks nationwide class action status in the complaint. *See, e.g.*,

*Rauhala v. Greater New York Mut. Ins., Inc.*, 2022 WL 16553383, *3 (E.D. Pa. Oct. 31, 2022)

("The remainder of the class members reside in many different districts where each could

presumably file this lawsuit in his or her home district. . . .Therefore, we do not give the usual

deference to her choice of forum."); *Perrong v. Timeshare Help Source, LLC*, 2022 WL

5221331, *5 (E.D. Pa. Oct. 5, 2022) ("[T]he plaintiff's choice merits less deference in a class

action suit since any member of the alleged nationwide, putative class could potentially bring

suit in their own preferred venue.") (granting transfer); *Montgomery v. Schering-Plough Corp.*,

2007 WL 614156, *2 (E.D. Pa. Feb. 22, 2007) ("[T]he choice of forum for a plaintiff in a class

action deserves less emphasis than the choice of a plaintiff in an action not involving a class with

numerous potential plaintiffs scattered across the country.") (granting transfer); *Gen.

Refractories Co. v. Washington Mills Electro Minerals Corp.*, 1995 WL 361164, *2 (E.D. Pa.

June 16, 1995) ("Where there are numerous potential plaintiffs scattered across the country, the

choice of forum of a single plaintiff deserves less emphasis than the choice of an individual

plaintiff in an action not involving a class. Because plaintiff in this case has brought this action

---

plaintiff that a forum is appropriate merely because it is his home forum is considerably
weakened." *Kosterman*, 330 U.S. at 524 (quoted in *Smith*, 2010 WL 2270541, *3).

on behalf of 'all others similarly situated' and seeks class certification, its choice of forum is not a controlling factor.") (granting transfer) (internal citation omitted); *Howell v. Shaw Indus.*, 1993 WL 387901, *3 (E.D. Pa. Oct. 1, 1993) (citing *Koster* for the proposition that "a plaintiff's choice of forum should be accorded less deference in class action suits since all members of the class could conceivably bring suit in his or her home forum" and transferring case); *In re All Terrain Vehicles Lit.*, 1989 WL 30948, *3 (E.D. Pa. Feb. 23, 1989) ("[W]here there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.") (transferring proposed class action to Central District of California); *Donnelly v. Klosters Rederi A/S*, 515 F. Supp. 5, 6 (E.D. Pa. 1981) ("[I]n a suit brought as a class action, other factors take on increased significance and plaintiff's choice of forum is accorded little weight.") (granting transfer); *Impervious Paint Industries, Ltd. v. Ashland Oil, Inc.*, 444 F. Supp. 465, 467 (E.D. Pa. 1978) ("[T]he Court does not believe that plaintiff's choice should be controlling. In a class action of this nature, where there are many potential plaintiffs scattered across the country, the choice of this plaintiff deserves less weight.") (granting transfer); *Blender v. Sibley*, 396 F. Supp. 300, 302 (E.D. Pa. 1975) ("[F]ar less weight is accorded that [plaintiff's choice of forum] factor in a derivative suit or class action.") (granting transfer); *Harris v. American Inv. Co.*, 333 F. Supp. 325, 326 (E.D. Pa. 1971) (in proposed class action, "plaintiffs' choice of forum would be of little significance").

Because, in a proposed class action, "a multitude of states could have interests in seeing their citizens' complaints justly addressed," in such cases "[t]he residence of the class representative becomes a mere happenstance" and "[t]he choice to sue in that named plaintiff's

home state [is] a mere fortuity." *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996). Accordingly, Plaintiff's choice of this Court as the forum is not entitled to any meaningful weight.[3]

### b. In the Specific Context of a Proposed TCPA Class Action, a Plaintiff's Choice of Forum Is Even Further Minimized.

Furthermore, in the precise circumstances presented here – an alleged nationwide class action brought under the TCPA – courts uniformly refuse to credit the plaintiff's choice of forum. As a neighboring court recently held, "TCPA class actions present even less reason to credit a plaintiff's choice of forum, as they are normally attorney driven and require limited participation from the named plaintiff for their individual claims or as class representatives." *Newman v. Direct Energy, L.P.*, 2023 WL 2914788, *3 (D. Md. Apr. 12, 2023) (transferring TCPA class action to defendant's home forum); *accord*, *Pierucci v. Homes.com Inc.*, 2020 WL 5439534, *5 (D. Ariz. Sept. 10, 2020) (transferring proposed TCPA class action, court holding that "TCPA class actions are normally attorney driven and require limited participation from the named plaintiff for their individual claims or as class representatives") (quotations omitted); *LaGuardia v. Designer Brands*, 2020 WL 2463385, *8 (S.D. Cal. May 7, 2020) (transferring TCPA class action to defendant's home forum, holding that "any inconvenience he may feel is mitigated by the fact that TCPA class actions are normally attorney driven and require limited participation from the named plaintiff for their individual claims or as class representative").

---

[3] Numerous opinions from other courts in this Circuit are firmly in accord. *See, e.g.*, *Beychok*, --- F. Supp. 3d ----, 2024 WL 685551, *13 ("It is true that the Plaintiffs chose to bring suit in New Jersey. But that is less meaningful than is typically the case. This is a putative nationwide class action that has little to do with the state."); *Klingensmith v. Paradise Shops, Inc.*, 2007 WL 2071677, *2 (W.D. Pa. July 17, 2007) (The focus of the litigation will be on [defendants'] actions, not on any class members' actions. Consequently, I find that [plaintiffs'] choice of forum is entitled to little deference.").

Courts, therefore, recognize that proposed TCPA class actions require minimal participation from the named plaintiff and are, in fact, driven by their attorneys. This fact further undercuts any credit due to Plaintiff's choice of this Court as the forum for this lawsuit.

### 2. Freedom Forever's Preference of the Central District of California Weighs in Favor of Transfer.

Freedom Forever's preference is to litigate this case in the Central District of California, which is the district where it is headquartered. Therefore, this factor weighs in favor of transfer. *See, e.g.*, *Rauhala*, 2022 WL 16553383, *3 ("[Defendant] prefers the Southern District of New York because it is where its headquarters and most of its witnesses are located, and most of the operative facts giving rise to the claim occurred. Thus, the defendant's choice of forum favors transfer."); *Smith*, 2010 WL 2270541, *4 (where defendant was headquartered in Oklahoma, "Defendant's preference for an Oklahoma forum weighs in favor of transfer").

### 3. Plaintiff's Litigation History of Filing Similar Lawsuits in Federal Courts All Over the Country Shows That He Will Not Be Inconvenienced by a Transfer.

The "convenience" factor favors transfer for at least two reasons. First, the fact that Plaintiff proposes a class action diminishes, if not eliminates, any "convenience" argument he might make. Second, Plaintiff has filed similar suits all over the country, thereby rendering any "convenience" argument he might assert completely meritless.

#### a. The Fact That Plaintiff Proposes a Class Action Dilutes Any "Convenience" Argument from Plaintiff.

The fact that Plaintiff proposes a class action not only eliminates the "choice of forum" deference; it also tips the convenience factor toward Freedom Forever. As the Court in *Rauhala* explained:

> In reality, [plaintiff] will have a minimal role in the litigation. Class representatives rarely participate in the case beyond initiating the lawsuit and presenting for a deposition. As a result, she will experience little or no inconvenience if the case is transferred to New York. She can be deposed in this district or by Zoom. Because

the burden on [defendant] would be greater if this litigation remained in Pennsylvania, the convenience of the parties factor weighs in favor of transfer.

*Rauhala*, 2022 WL 16553383, *4. Likewise, the Court in *Smith* discounted any "convenience" argument from a plaintiff who brought a proposed nationwide class action, holding that "[w]hile the Eastern District of Pennsylvania is convenient to Plaintiff Smith, who resides in Philadelphia, it is not necessarily convenient to any of the other class members, who could reside anywhere in the United States. Plaintiff does not, in any way, suggest that his participation would be more valuable than that of any other class member." *Smith*, 2010 WL 2270541, *6. Accordingly, the *Smith* Court held that "the convenience of parties and party-witnesses militates in favor of an Oklahoma forum. As such, the Court weighs this factor in support of Defendant's Motion" to transfer. *Id.*, *7.

As with the "choice of forum" inquiry, Plaintiff's choice to assert a nationwide class action in this Court should eliminate any credit he might otherwise be due under the "convenience" analysis. The convenience factor weighs in favor of transfer.

> **b.  Plaintiff Has No Colorable "Convenience" Argument Given the Many TCPA Class Actions He Has Filed in Other Federal District Courts.**

While Plaintiff's filing this case as a proposed nationwide class action eliminates any convenience argument he could make, any such argument is rendered further meritless by the fact that he has filed similar TCPA class action complaints in federal courts all over the country. Indeed, in the last three years, Plaintiff has filed at least four nationwide TCPA class action lawsuits in various federal courts outside Pennsylvania, *including three such complaints filed in 2024 alone*:

- *Shelton v. Priority Concepts Inc.*, Case 2:24-cv-02581-GRB-JMW (E.D.N.Y. filed Apr. 5, 2024) (complaint attached as Ex. B hereto): complaint practically identical to the Complaint against Freedom Forever proposing the same two nationwide classes

("National DNC Class" and "Internal Do Not Call Class") he proposes here.

- *Shelton v. American Business Servs. Inc. d/b/a/ Funding 770*, Case No. 1:24-cv-00777-PAB-STV (D. Colo. filed Mar. 20, 2024) (complaint attached as Ex. C hereto): complaint proposing "National DNC Class" as proposed here.

- *Shelton v. Heavy Fluce Inc.*, Case 1:24-cv-01429-KAM-JAM (E.D.N.Y. filed Feb. 26, 2024) (complaint attached as Ex. D hereto): Plaintiff asserting national "Robocall Class" under TCPA.

- *Johansen and Shelton v. Sentinel Security Life Ins. Co.*, Case 2:21-cv-00021-DBB (D. Utah filed Jan. 12, 2021) (complaint attached as Ex. E hereto): Plaintiff proposing two nationwide classes, including a "National DNC Class" proposed here.

Moreover, Plaintiff has actively litigated in the transferee court, the Central District of California. Earlier this year, Plaintiff invoked the jurisdiction of a court in the Central District of California in an effort to obtain satisfaction of a judgment. (*See Samuel v. Aron*, Case 2:23-cv-07728-PSG-PD, D.E. 8 (C.D. Cal. Jan 12, 2024 (Acknowledgement of Satisfaction of Judgment filed by Plaintiff along with supporting affidavit) (Ex. F hereto).)

In short, Plaintiff is a frequent, nationwide TCPA litigant. He cannot plausibly assert a "convenience" argument in response to Freedom Forever's motion to transfer. Accordingly, the convenience inquiry favors transfer. *See, e.g.*, *Perrong*, 2022 WL 5221331, *6 ("As a routine litigant [plaintiff] appears to have little trouble availing himself to various courts.") (granting transfer); *Abramson v. CWS Apartment Homes, LLC*, 2016 WL 6634933, **2, 3 (W.D. Pa. Nov. 8, 2016) (convenience factor disfavored plaintiff where plaintiff "is a litigant in other distant forums" and "is an experienced litigant serving as a named party in more than one suit outside this District") (granting transfer).

### 4.  The "Location of Evidence" Inquiry Favors Transfer.

Similarly, the location of the evidence strongly favors transfer. Freedom Forever, headquartered in the Central District of California, maintains its relevant documents in that District. (Wysong Decl., ¶ 6.) The majority of its witnesses, and its relevant databases are in or near the Central District of California, and its relevant policies were developed in that district. (*Id.*, ¶¶ 4-7.)  In other words, "Most of the relevant documents, witnesses and evidence are located in [California]." *Rauhala*, 2022 WL 16553383, *3 (transferring case where documentary evidence "will be generated in New York where [defendant] is located," as such evidence "will be collected from [defendant's] servers which house the database storing the personal information," which "are located at [defendant's] headquarters in New York").

Moreover, Freedom Forever's executive team is located in the Central District of California. (Wysong Decl., ¶ 4.) That fact further counsels in favor of transfer. *See, e.g.*, *Perrong*, 2022 WL 5221331, *7 (granting transfer where "all documents and records related to the case were physically maintained in [defendant's] former headquarters, including in the Eastern District of Missouri"); *Rauhala*, 2022 WL 16553383, *3 ("[M]ost of the relevant witnesses are employees of [defendant] who work from its headquarters. Therefore, this factor favors transfer."); *Smith*, 2010 WL 2270541, *5 (transferring case to federal court in Oklahoma where "almost all relevant party witnesses would be located in Oklahoma").

And, once again, the fact that Plaintiff proposes a nationwide class necessarily will focus the proof on documents, policies, and procedures on the defendant, Freedom Forever. As the Court in *Howell* reasoned, "in a class action, such as this, the testimony offered by the plaintiff is likely to be minimal. ... The critical evidence, both testimonial and documentary to sustain the claims of the complaint must come from other sources, particularly from documents within the

defendants' control ... ." *Howell*, 1993 WL 387901, *5 (quotations omitted; ellipses original);

*see also Geraci v. Red Robin Int'l, Inc.*, 2019 WL 2574976, *5 (D.N.J. June 24, 2019)

("[W]here the bulk of evidence will likely come from the defendant, testimonial or

documentary, or where a class representative's testimony is likely identical to that of his class

members', a plaintiff's choice of forum is entitled to less consideration.") (citing *Gen.*

*Refractories* and *All Terrain Vehicles*).

     **5.  The Remaining Private Interest Factors Are, at Best, Neutral.**

     The remaining private interest factors are, at best, neutral to the Court's analysis. Again,

because the case is a proposed class action, the inquiry into "where the claim arose" carries little

or no weight. That Plaintiff may have received an allegedly unwanted text or call in this District

is of no greater importance than whether any other putative class member received an unwanted

call or text in their home districts. Therefore, this factor should carry little, if any, weight in the

transfer analysis. *See Abramson*, 2016 WL 6634933, *2 ("Even though Mr. Abramson allegedly

received the text on a cell phone with a 412 area code tied to this District, the overwhelming

majority of events giving rise to the claim occurred outside Pennsylvania.") (granting transfer).

     Additionally, there does not appear to be any issue regarding the "location of evidence to

the extent it cannot be produced in a particular forum." *Logopaint*, 163 F. Supp. 3d at 265.

Evidence should be equally available and accessible in the Central District of California – and

certainly more convenient on the whole, given the vast majority of documents likely to be

produced on this case, as is always the case in a proposed consumer class action, comes from

the defendant. Therefore, this factor will not apply here.

     **B.    The "Public Interest" Factors Favor Transfer.**

     With regard to the public interest factors. "*Jumara* instructs the Court to consider: (1) the

enforceability of any judgment; (2) the congestion of the court's docket; (3) the trial judge's familiarity with any applicable state law; (4) the local forum's interest in deciding the case; and (5) practical considerations that would make trial easy, expeditious or inexpensive." *Logopaint*, 163 F. Supp. 3d at 267 (citing *Jumara*, 55 F.3d at 879). The "public interest" factors that apply to the analysis favor transfer.

### 1. This Forum Has No Meaningful Interest in Deciding This Case.

With a litigant who files these types of cases all over the country, and with federal – not state – law supplying the rule of decision, this District has no meaningful interest in deciding this case. This fact supports transfer.

Indeed, courts have held, in the precise TCPA class action context that is presented here, that the defendant's location far outweighs that of the plaintiff. As applied here, the Central District of California has a meaningful interest in deciding a proposed nationwide class action against a company headquartered in its District, which strongly favors transfer of the case. *See, e.g.*, *Perrong*, 2022 WL 5221331, \*6 (transferring proposed nationwide TCPA class action to the Eastern District of Missouri, Court holding that "the Eastern District of Missouri also has a local interest in the case because it concerns allegedly illegal activity committed by an entity with its principal place of business located therein"); *Geraci*, 2019 WL 2574976, \*4 (transferring proposed TCPA class action to Colorado: "Colorado has a more compelling local interest in adjudicating this case than New Jersey. This is a case about a company headquartered in Colorado allegedly harming citizens throughout the nation by using technology in Colorado to effect marketing decisions made in Colorado. As such, this factor weighs in favor of transfer."); *Abramson*, 2016 WL 6634933, \*4 (transferring proposed nationwide TCPA class action to

Western District of Texas: "This is a national class action with no local interests other than [plaintiff]'s residence here.").

Certainly, the Central District of California has a strong "local interest in the case" where one of its corporate citizens is accused of violations of a federal statute on a large scale (i.e., a proposed nationwide class action). As *Perrong*, *Geraci*, and *Abramson* held, the district in which the defendant is headquartered is the most appropriate venue, and has the greatest interest in adjudicating, a proposed nationwide class action under the TCPA.

### 2.   The "Practical Considerations" Inquiry Favors Transfer.

The assessments of "practical considerations" involves analysis of issues "that could make the trial easy, expeditious, or inexpensive. *Jumara*, 55 F.3d at 879. Here, the practical considerations weigh in favor of transfer. For example, this case is in its earliest stages; in fact, the current filing is Freedom Forever's responsive pleading. There will be no waste of judicial resources to transfer the case at this early stage. *See, e.g.*, *Smith*, 2010 WL 2270541, *9 ("[T]his action has been before the Court for a relatively short period of time and, thus, 'a transfer will not significantly disrupt the litigation or result in a waste of judicial resources.'") (quoting *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 841 (W.D. Pa. 2006)).

The fact that the overwhelming majority of the books and records relevant to the case are located in California also favors transfer. *See, e.g.*, *Perrong*, 2022 WL 5221331, *7 ("As to the practical considerations of trial, several witnesses and relevant documents are likely located in the Eastern District of Missouri.") (transferring case); *Tshudy v. Pennsylvania State Univ.*, 2022 WL 4225612, *4 (E.D. Pa. Sept. 13, 2022) (transferring case to Middle District of Pennsylvania, as the "practical considerations of trial factor weighs in favor of transfer; many, if not all, of the witnesses and relevant documents are likely in the Middle District"); *Smith*, 2010 WL 2270541,

*9 (transferring case where "Oklahoma is also where the bulk of the relevant documents are located"); *see also Abramson*, 2016 WL 6634933, *3 (transferring proposed nationwide TCPA class action to federal court in Texas where defendant argued' that "transferring this matter to Texas would make the trial easier and cheaper because presenting several witnesses would be costly in this District as their corporate representative, witnesses and files are in Texas," thus "[t]he 'practical considerations' factor weighs in favor of transfer"). Therefore, the "practical considerations" favor transfer.

### 3. The Remaining Public Interest Factors Do Not Favor Retention of the Case in This Court.

The remaining public interest factors are, at best, neutral in the 1404(a) analysis. First, because the TCPA is a federal statute, the "familiarity with law" factor does not apply; the same holds true for the "enforceability of judgment" factor. *See, e.g.*, *Phillips v. Penske Truck Leasing Co., L.P.*, 2023 WL 2589221, *4 (E.D. Pa. Mar. 21, 2023) ("[B]ecause a federal statute is at issue here, the parties have not suggested that the enforceability of a judgment, the public policies of the fora, and the judges' relative familiarity with the applicable law are anything but neutral factors.").

Second, the "docket congestion" factor, which "generally is not a factor worthy of great weight," *Gen. Refractories*, 1995 WL 361164, *5, is relatively neutral, as this District has a shorter time to trial than the Central District of California (27.1 to 30.4), only 8.8% of the latter court's civil cases were over three years old as of June 30, 2024, a figure tripled in this District at 27.8%, suggesting that the case will advance to trial more quickly in the transferee court.[4]

(*See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2024.pdf)

---

[4] *See also Beychok*, --- F. Supp. 3d ----, 2024 WL 685551, *13 ("Courts often assign relatively little weight to this [court congestion] factor or find that it is neutral.") (citing numerous district court opinions within the Third Circuit).

(last accessed September 25, 2024).) At best, this factor is, like many of the other public interest factors, neutral and does not prevent transfer.

## **CONCLUSION**

Freedom Forever respectfully requests that the Court (1) grant its partial motion to dismiss and dismiss Plaintiff's request for attorneys' fees, and (2) grant its motion to transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses or in the interests of justice.


DATED: October 1, 2024.

*/s/ Jill A. Guldin*
Jill A. Guldin (Pa. ID 93657)
Pierson Ferdinand, LLP
1650 Market Street, 36th Floor
Philadelphia, PA 19103
Telephone: (609) 896-4096
Facsimile: (856) 494-1566
Email: jill.guldin@pierferd.com

*Attorneys for Defendant, Freedom Forever, LLC*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was electronically filed with service to be effected on the following counsel for Plaintiff:

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com

*/s/ Jill A. Guldin*
