# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated, | ) ) ) | No. 2:24-cv-04333-GJP |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FREEDOM FOREVER, LLC   , | ) ) | |
| Defendant. | ) ) | |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANT FREEDOM FOREVER, LLC'S PARTIAL MOTION TO
## DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER CASE
## TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
## <u>DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)</u>

## INTRODUCTION

Defendant, Freedom Forever, LLC ("Freedom Forever"), files this Reply in Support of its Motion for Partial Dismissal and Motion to Transfer pursuant to 28 U.S.C. § 1404(a) ("Motion"). Plaintiff's response to the Motion is long on argument, but woefully short on facts or evidence, which should be dispositive on the transfer issue. Plaintiff has essentially conceded the facts Freedom Forever put before the Court and has submitted none of his own. He has failed even to mention, let alone attempt to distinguish, the many on-point cases Freedom Forever cited from this District and others that support transfer in these specific circumstances. The Court, therefore, should transfer this proposed nationwide Telephone Consumer Protection Act ("TCPA") class action case to the United States District Court for the Central District of California.

## ARGUMENT

Little need be said about the Rule 12 portion of the motion. Plaintiff concedes that the TCPA does not contain a fee-shifting provision. The decisions in *Richardson v. Verde Energy USA, Inc.*, 2016 WL 7380708 (E.D. Pa. Dec. 19, 2016) (which cited voluminous caselaw from other jurisdictions), and *Kline v. United Northern Mortgage Bankers Ltd.*, 2018 WL 4404674 (M.D. Pa. Sept. 17, 2018), which dismissed requests for attorneys' fees in TCPA cases, are squarely on point. Plaintiff's request for attorneys' fees should be dismissed.

## I.   PLAINTIFF'S CONCLUSORY, UNSUPPORTED ARGUMENTS AGAINST TRANSFER SHOULD NOT BE CONSIDERED.

The standards for assessing a motion to transfer are well settled. "In addressing a motion to transfer, all well-pleaded allegations in the complaint are generally taken as true unless contradicted by the defendant's affidavits, and the Court may examine facts outside the complaint to determine proper venue." *Simpson v. J.G. Wentworth Co.*, 2023 WL 349251, *2 (E.D. Pa. Jan. 19, 2023); *Cigna Corp. v. Celgene Corp.*, 2021 WL 2072210, *2 (E.D. Pa. May 24, 2021); *Lewis*

1

*v. Nat'l Bd. of Osteopathic Med. Exam'rs*, 2020 WL 7260747, *1 n.1 (E.D. Pa. Dec. 10, 2020); *Holiday v. Bally's Park Place, Inc.*, 2007 WL 2600877, *1 (E.D. Pa. Sept. 10, 2007)). Thus, in assessing a motion to transfer, the Court considers only (1) uncontradicted allegations in the Complaint; (2) "defendant's affidavits"; and (3) other "facts" outside the Complaint.

Plaintiff, however, completely ignores that principle and bases his response almost entirely on arguments that are nowhere in the record. The examples are plentiful:

- Plaintiff asserts that Freedom Forever "has regional offices in Moorestown, New Jersey." (ECF 7 at 3.) There is no such allegation in the Complaint, nor does Plaintiff's response support that bare statement with any evidence.

- Plaintiff also argues the supposedly "regional nature of this class action dispute" (*id.* at 11) because, he claims, this was "a regionalized calling campaign" with allegedly "regionalized putative class members" (*id.* at 9). That is patently absurd. Plaintiff alleges *two nationwide classes* – a "National DNC Class" and an "Internal Do Not Call Class," both of which expressly encompass "[a]ll persons in the United States." (ECF 1, ¶ 43.) Plaintiff cannot make serious nationwide class allegations and then try to run away from them in an expedient and transparent effort to avoid transfer. Nothing in the record supports the newly formed "regionalized" arguments. They should be ignored.

- Similarly, Plaintiff claims that "witnesses will be located" in Moorestown (ECF 7 at 9) without identifying one purported "witness" by name. In contrast, Freedom Forever's now-unrefuted declaration states that the "majority of Freedom Forever's key employees who have knowledge or information that relates to the claims made in this case and to Freedom Forever's defenses to those claims are located at or within 35 miles of Freedom Forever's headquarters in Temecula, California," and "[n]one of these individuals work

or live in Pennsylvania." (ECF 6-1 (Wysong Decl.), ¶ 7.) Those are the undisputed facts

before the Court concerning witnesses – not Plaintiff's rank speculation.

The bottom line is that Plaintiff submitted no evidence to support his bare arguments in his

response. That is insufficient to oppose a transfer motion. *See, e.g.*, *Pennwalt Corp. v. Purex

Industries, Inc.*, 659 F. Supp. 287, n.3 (D. Del. 1986) (where "[n]o facts in the record support

[plaintiff's] assertion" of an alleged fact opposing transfer, court granted motion to transfer).[1]

In short, Plaintiff has done nothing to refute the facts Freedom Forever put before the court

via its declaration, and his unsupported conjecture and argument are not sufficient to rebut the

transfer motion. The record and facts properly before the Court strongly support transfer.

## II. BASED ON THE EVIDENCE BEFORE THE COURT, THE COURT SHOULD TRANSFER THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.

As this Court has held, while Freedom Forever "bear[s] that burden" of demonstrating that

transfer is appropriate, it is "not required to show 'truly compelling circumstances for ... change

... [of venue, but rather that] all relevant things considered, the case would be better off transferred

to another district.'" *Sisti v. Norfolk Southern R. Corp.*, 2023 WL 7110701, *1 (E.D. Pa. Oct. 26,

2023) (Pappert, J.) (quoting *Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394, 396 (E.D.

Pa. 2003) (quoting, in turn, *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) (alterations by

*Connors*)). There is no dispute that the case could have been brought in the transferee district, and

---

[1] Similarly, Plaintiff's transparent effort to amend his Complaint via his response brief should be rejected under long settled law. *See, e.g.*, *Brady v. Middle East Forum*, 2021 WL 5003335, *3 (E.D. Pa. Oct. 28, 2021) ("[T]he bottom line today is [plaintiff] cannot amend her complaint through her lawyer's undocumented response to Defendants' motion to dismiss."); *Washington v. Client Network Serv.*, 2016 WL 1592693, *6 (E.D. Pa. Apr. 20, 2016) (citing *Pa. ex rel. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir. 1988), for the proposition that "plaintiffs cannot amend their complaints through responsive briefs").

the public and private interests under *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)), strongly favor transfer.

### A.    The "Private Interest" Factors Favor Transfer.

#### 1.    Plaintiff's Choice of Forum in This Proposed Nationwide Class Action Is Not Entitled to Any Deference.

As Freedom Forever pointed out in its Motion, for over a half-century, courts in this District consistently have discounted a plaintiff's choice of forum where, as here, the plaintiff seeks nationwide class action status in the complaint. *See, e.g.*, *Rauhala v. Greater New York Mut. Ins., Inc.*, 2022 WL 16553383, *3 (E.D. Pa. Oct. 31, 2022); *Perrong v. Timeshare Help Source, LLC*, 2022 WL 5221331, *5 (E.D. Pa. Oct. 5, 2022); *Smith v. HireRight Solutions, Inc.*, 2010 WL 2270541, *3 (E.D. Pa. June 7, 2010); *Montgomery v. Schering-Plough Corp.*, 2007 WL 614156, *2 (E.D. Pa. Feb. 22, 2007); *Gen. Refractories Co. v. Washington Mills Electro Minerals Corp.*, 1995 WL 361164, *2 (E.D. Pa. June 16, 1995); *Howell v. Shaw Indus.*, 1993 WL 387901, *3 (E.D. Pa. Oct. 1, 1993); *In re All Terrain Vehicles Lit.*, 1989 WL 30948, *3 (E.D. Pa. Feb. 23, 1989); *Donnelly v. Klosters Rederi A/S*, 515 F. Supp. 5, 6 (E.D. Pa. 1981); *Impervious Paint Industries, Ltd. v. Ashland Oil, Inc.*, 444 F. Supp. 465, 467 (E.D. Pa. 1978); *Blender v. Sibley*, 396 F. Supp. 300, 302 (E.D. Pa. 1975); *Harris v. American Inv. Co.*, 333 F. Supp. 325, 326 (E.D. Pa. 1971). Every one of those cases discounted the class plaintiff's choice of this District as the forum and granted the defendant's motion to transfer. Plaintiff does not even cite these cases, let alone attempt to distinguish them and demonstrate how his case should be treated differently.[2]

Nor does Plaintiff bother to cite, let alone rebut, the TCPA-specific cases Freedom Forever

---

[2] Plaintiff does cite *Smith* to argue that this case is different because "other class members here are likely to be concentrated closer to Pennsylvania than California or even spread across the country, as in *Smith*." (ECF 7 at 9.) Once again, that is nothing but sheer speculation, with no supporting evidence, from Plaintiff. He has proposed two nationwide class actions, just as *Smith* proposed a nationwide class action and is, therefore, directly on point here.

cited in which courts faced with an alleged nationwide class action brought under the TCPA uniformly refuse to credit the plaintiff's choice of forum because they are "attorney driven" and requires very little involvement of the named plaintiff. *See Newman v. Direct Energy, L.P.*, 2023 WL 2914788, *3 (D. Md. Apr. 12, 2023); *Pierucci v. Homes.com Inc.*, 2020 WL 5439534, *5 (D. Ariz. Sept. 10, 2020); *LaGuardia v. Designer Brands*, 2020 WL 2463385, *8 (S.D. Cal. May 7, 2020). In short, the on-point cases – none of which Plaintiff counters with on-point citations of his own —accord little to no weight to a TCPA class action plaintiff's choice of forum. Plaintiff has given no reason for this Court to decide the issue differently here; the "choice of forum" factor favors transfer. (Moreover, Plaintiff concedes that the "defendant's forum preference" factor favors transfer, *see* ECF 7 at 6.)

        **2.  Plaintiff's and His Counsel's TCPA Litigation History of Filing Similar Lawsuits in Federal Courts All Over the Country Shows That They Will Not Be Inconvenienced by a Transfer.**

Plaintiff has no colorable argument regarding the convenience factor. He makes no effort to rebut the cases holding that a proposed nationwide class action tips the convenience factor in favor of defendant. *See Rauhala*, 2022 WL 16553383, *4; *Smith*, 2010 WL 2270541, *6. His choice to assert a nationwide class action moves the convenience factor in favor of transfer.

Furthermore, Plaintiff simply ignores the fact that he has filed similar TCPA class action complaints in federal courts all over the country, including in Colorado, New York, and Utah. (*See* ECF 6-2, 6-3, 6-4, 6-5.) In no way can he credibly argue "inconvenience" here. *See, e.g.*, *Perrong v. Timeshare Help Source, LLC*, 2022 WL 5221331, *6 (E.D. Pa. Oct. 5, 2022) ("As a routine litigant [plaintiff] appears to have little trouble availing himself to various courts."); *Abramson v. CWS Apartment Homes, LLC*, 2016 WL 6634933, **2, 3 (W.D. Pa. Nov. 8, 2016) (convenience factor disfavored plaintiff where plaintiff "is a litigant in other distant forums" and "is an experienced litigant serving as a named party in more than one suit outside this District").

In fact, Plaintiff, supposedly (in another one of his unsupported statements) a "judgment enforcement professional" (ECF 7 at 10), has a nationwide "judgment enforcement" practice; he travels and invokes the jurisdiction of state and federal courts all over the country, in his apparent quest to satisfy judgments – including the Central District of California, the transferee court. *See, e.g.*, *Samuel v. Aron*, 2023 WL 8046268, *1 (C.D. Cal. Oct. 13, 2023) (granting "the Motion for Assignment Order of Debtor's Lawsuit Settlement Proceeds filed by Assignee of Record and Judgment Creditor James E. Shelton"); *Jackson v. Global Doc Prep Inc.*, 268 A.3d 410 (Table) 2021 WL 5176382, *1 (Pa. Super. Nov. 8, 2021) ("The judgment was assigned to James E. Shelton[,] who proceeded to transfer the judgment to the State of Florida and attempted to commence a collection proceeding."); *Cunningham v. Enagic USA, Inc.*, 2019 WL 1029551, *2 (M.D. Tenn. Feb. 15, 2019) ("Assignee of Record James E. Shelton … filed a response in opposition to Brown's motion."). For Plaintiff to say he "has not 'actively litigated' in the Central District of California" (ECF 7 at 10) when he affirmatively invoked that court's jurisdiction and engaged in motion practice just last year is patently false and skirts the bounds of Rule 11.

Furthermore, Plaintiff's counsel's complaint that the Central District of California is inconvenient for him because it allegedly "is a venue where counsel is not licensed and will be forced to find and pay for local counsel" (ECF 7 at 12) borders on the frivolous for at least three reasons. First, if anything is clear about the 1404(a) analysis, it's that "[t]he convenience of counsel is not a factor to be considered" in the 1404(a) calculus. *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *accord*, *Stewart v. First Student, Inc.*, 639 F. Supp. 3d 492, 500 (E.D. Pa. 2022). Second, Plaintiff's counsel has filed lawsuits on behalf of Plaintiff Shelton all over the country, including Colorado (ECF 6-3) and New York (ECF 6-2); he can hardly claim "inconvenience" for himself or for Plaintiff in representing Plaintiff in California

when counsel filed a lawsuit on Plaintiff's behalf earlier this year in Colorado. Third, counsel himself is a prolific filer of TCPA complaints all over the country – a 2022 opinion from this District, granting the motion to transfer counsel-as-plaintiff's proposed nationwide TCPA class action, noted that "Mr. Perrong has filed over 100 lawsuits in this state and others, including Florida, Massachusetts, Rhode Island, New York, New Jersey, Maryland, Connecticut, Indiana, Illinois, Michigan, and Delaware, and generally does not appear to be inconvenienced by the demands of litigation." *Perrong*, 2022 WL 5221331, n.6 (listing over 100 cases with counsel as plaintiff). And one of those proposed TCPA class actions was filed in the Central District of California against a company that "is incorporated in California and resides in this [Central] District" – exactly Freedom Forever's circumstances. (*See Perrong v. Auto Armor Specialist LLC*, Case No. 8:21-cv-01467, D.E. 1 (C.D. Cal. complaint 9/8/21), ¶ 7 (attached hereto as Ex. A)).

Put simply, neither Plaintiff nor his counsel has any credibility to argue "inconvenience" when they both have filed and maintained TCPA litigation as plaintiffs in jurisdictions all over the country, and both have affirmatively invoked the jurisdiction of, and have sought relief from, the Central District of California. The convenience factor strongly favors transfer.

### 3.  The "Location of Evidence" Inquiry Favors Transfer.

Plaintiff's failure to submit any evidence with his response renders Freedom Forever's evidence undisputed, including that Freedom Forever, headquartered in the Central District of California, maintains its relevant documents in that District. (ECF 6-1 (Wysong Decl.), ¶ 6.) It also is now undisputed that the majority of its witnesses, and its relevant databases are in or near the Central District of California, and its relevant policies were developed in that district. (*Id.*, ¶¶ 4-7.)  In other words, "[m]ost of the relevant documents, witnesses and evidence are located in [California]." *Rauhala*, 2022 WL 16553383, *3 (transferring case). The fact that Freedom

Forever's executive team is located in the Central District of California (ECF 6-__ (Wysong Decl., ¶ 4) further counsels in favor of transfer. *See, e.g.*, *Perrong*, 2022 WL 5221331, *7; *Rauhala*, 2022 WL 16553383, *3; *Smith*, 2010 WL 2270541, *5. Nor does Plaintiff have any answer for the caselaw holding that "in a class action, such as this, the testimony offered by the plaintiff is likely to be minimal. ... The critical evidence, both testimonial and documentary to sustain the claims of the complaint must come from other sources, particularly from documents within the defendants' control ... ." *Howell*, 1993 WL 387901, *5 (quotations omitted; ellipses original).

Plaintiff's statement that Freedom Forever "resides in both" California and Pennsylvania (ECF 7 at 14) is absurd and should be ignored. It is undisputed that Freedom Forever is headquartered, and maintains its executive offices and key documents, in California. (ECF 6-1 Wysong Decl., ¶ 6.) Under Plaintiff's flawed logic, any company that happens to "reside" in the forum for personal jurisdiction purposes could not seek a transfer. That is not the law, and Plaintiff cites no cases to support that proposition.

### 4.   The "Where the Claim Arose" Factor Is. At Best, Neutral.

As to the "where the claim arose" inquiry, Plaintiff wrongly says that "Defendant does not even address this factor." (ECF 7 at 7.) Not so: Freedom Forever pointed out that because the case is a proposed class action, the inquiry into "where the claim arose" carries little or no weight.  (*See* ECF 6 at 15 (citing *Abramson*, 2016 WL 6634933, *2 (granting transfer: "Even though Mr. Abramson allegedly received the text on a cell phone with a 412 area code tied to this District, the overwhelming majority of events giving rise to the claim occurred outside Pennsylvania.").) Plaintiff cites no non-class action cases to rebut this principle.

### B.   The "Public Interest" Factors Favor Transfer.

Plaintiff makes little meaningful effort concerning the public interest factors. First, Plaintiff

again simply ignores – and apparently hopes the Court will too – the on-point cases holding that the location of the TCPA defendant's headquarters far outweighs the plaintiff's location in a proposed nationwide class action. *See, e.g.*, *Perrong*, 2022 WL 5221331, *6 (transferring proposed nationwide TCPA class action, Court holding that "the Eastern District of Missouri also has a local interest in the case because it concerns allegedly illegal activity committed by an entity with its principal place of business located therein"); *Abramson*, 2016 WL 6634933, *4 (transferring proposed nationwide TCPA class action: "This is a national class action with no local interests other than [plaintiff]'s residence here."). Plaintiff cites no contrary cases in the TCPA context denying transfer in these circumstances.

Second, other than to have his counsel purport to list some speculative complaints about the Central District of California (the same district where, as noted above, counsel-as-plaintiff affirmatively filed a nationwide class action three years ago), Plaintiff has no basis to contest the "practical considerations" factor. Virtually every complaint he makes concerns his counsel's alleged inconvenience, which the Court does not consider. *See Solomon*, 472 F.2d at 1047. Conversely, the fact is, as is now undisputed, that the overwhelming majority of the books and records relevant to the case are located in California, which favors transfer. Again, Plaintiff makes no effort to rebut the on-point cases (including his own) that support transfer. *See, e.g.*, *Perrong*, 2022 WL 5221331, *7 ("As to the practical considerations of trial, several witnesses and relevant documents are likely located in the Eastern District of Missouri.") (transferring case); *Tshudy v. Penn. State Univ.*, 2022 WL 4225612, *4 (E.D. Pa. Sept. 13, 2022) (transferring case where the "practical considerations of trial factor weighs in favor of transfer; many, if not all, of the witnesses and relevant documents are likely in the" transferee district); *Abramson*, 2016 WL 6634933, *3 (transferring proposed nationwide TCPA class action to federal court in Texas, as

"transferring this matter to Texas would make the trial easier and cheaper because presenting several witnesses would be costly in this District as their corporate representative, witnesses and files are in Texas," thus "[t]he 'practical considerations' factor weighs in favor of transfer").

Third, Plaintiff tries to spin the "docket congestion" factor in his favor, but he ignores the facts that (1) this factor "generally is not a factor worthy of great weight," *Gen. Refractories*, 1995 WL 361164, \*5, and (2) this District has three times as many civil cases over three years old than the transferee District. (ECF 6 at 18-19 (citing data).)) In a best-case scenario for Plaintiff, this factor is neutral.

## CONCLUSION

Freedom Forever respectfully requests that the Court (1) grant its partial motion to dismiss and dismiss Plaintiff's request for attorneys' fees, and (2) grant its motion to transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses or in the interests of justice.


DATED: October 22, 2024                    Respectfully submitted,

                                           **Pierson Ferdinand, LLP**

                                           */s/ Jill A. Guldin*
                                           Jill A. Guldin (Pa. ID 93657)
                                           1650 Market Street, 36th Floor
                                           Philadelphia, PA 19103
                                           Telephone: (609) 896-4096
                                           Facsimile: (856) 494-1566
                                           Email: jill.guldin@pierferd.com
                                           *Attorneys for Defendant, Freedom Forever, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that the foregoing was electronically filed with service to be effected on the following counsel for Plaintiff:

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com

*/s/ Jill A. Guldin*