# EXHIBIT A

1  RACHEL E. KAUFMAN (Cal. Bar No. 259353)
   KAUFMAN P.A.
2  400 NW 26th Street
3  Miami, FL 33127
   Telephone: (305) 469-5881
4  rachel@kaufmanpa.com
5
   *Counsel for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUTO ARMOR SPECIALIST LLC,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR:<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)<br><br>Class Action<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT
*Perrong v. Auto Armor Specialist LLC*

Plaintiff Andrew Perrong (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign on behalf of Auto Armor Specialist LLC ("AAS") to market its services through the use of automated telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. The recipients of AAS's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and because the

technology used on behalf of AAS makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.  Plaintiff Andrew Perrong is a resident of Pennsylvania.

5.  Defendant Auto Armor Specialist LLC is a California corporation headquartered in this District.

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.  This Court has personal jurisdiction over AAS because the company is incorporated in California and resides in this District.

8.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in and directed the calls to Plaintiff from this District.

## TCPA BACKGROUND

The National Do Not Call Registry

9.  The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

12. Defendant AAS is a "person" as the term is defined by 47 U.S.C. § 153(39).

13. Plaintiff Perrong's telephone number, (215)-322-XXXX has been registered with the National Do Not Call Registry since November 12, 2018.

14. The Plaintiff received telemarketing calls on behalf of AAS, at a minimum, once on each of August 20, 25, and 30, and twice on each of September 1 and 2.

15. All of these calls began with dead air.

16. During at least four of the calls an agent never joined the line.

17. During the August 25 call, the caller promoted an extended warranty plan, but the call was hung up before Plaintiff could identify the caller.

COMPLAINT
*Perrong v. Auto Armor Specialist LLC*

18. During the second call on September 2, the Plaintiff engaged the caller and was sold an Auto Armor Specialist extended warranty plan.

19. The Plaintiff was provided a callback number for Auto Armor Specialist during the call.

20. Plaintiff did not provide his consent to receive the telemarketing calls at issue and did not have a prior business relationship with AAS.

21. The calls were not necessitated by an emergency.

22. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.

### AAS's Liability for Its Agents' Conduct

23. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

24. In its January 4, 2008 ruling, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an

autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

25. In fact, the Federal Communication Commission has instructed that sellers such as AAS may not avoid liability by outsourcing telemarketing to third parties, such as their agents:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

26. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1]

---

[1] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

COMPLAINT
*Perrong v. Auto Armor Specialist LLC*

27. AAS is liable for its agents because they control the manner and means of its telemarketing methods by:

    a) acquiescing to their business mode of using a call center;

    b) advising them that they could use third parties to assist in the telemarketing;

    c) instructing them on the geographic regions they can make calls into;

    d) providing qualifications for potential clients to be sent to AAS;

    e) providing them pricing and other information to supply during the calls to promote AAS's extended warranty plans; and

    f) allowing agents to bind AAS to extended warranty plans.

28. AAS knew (or reasonably should have known) that the call center agents that initiated the calls to the Plaintiff were violating the TCPA on its behalf and failed to take effective steps within its power to force the telemarketer to cease that conduct.

29. Any reasonable seller that accepts telemarketing call leads from agents engaged in telemarketing would, and indeed must, investigate to ensure that those calls were made in compliance with TCPA rules and regulations.

30. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are

COMPLAINT
*Perrong v. Auto Armor Specialist LLC*

not independently privy to such information." *Id.* at 6592-593 (¶ 46). Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

32. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Do Not Call Class**: All persons within the United States: (1) to whose telephone number registered with the National Do Not Call Registry for at least thirty days at the time of each call (2) an agent acting on behalf of Defendant placed more than one telemarketing call within a 12-month period (3) within the four years prior to the filing of the Complaint.

33. Plaintiff Perrong is a member of and will fairly and adequately represent and protect the interests of this Class as he has no interests that conflict with any of the class members.

34. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

COMPLAINT
*Perrong v. Auto Armor Specialist LLC*

35. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, charges for the calls, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

36. This Class Action Complaint seeks injunctive relief and money damages.

37. The Class's members as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

38. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes the Class's members number, at minimum, in the hundreds.

39. The joinder of all members of the Class is impracticable due to the size and relatively modest value of each individual claim.

40. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant's agents made calls without first obtaining prior express written consent to make the calls;

COMPLAINT
*Perrong v. Auto Armor Specialist LLC*

   (b) whether Defendant's agents systematically made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;

   (c) whether Defendant's agents' conduct constitutes a violation of the TCPA;

   (d) whether Defendant is vicariously liable for its agents conduct; and

   (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

42. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

43. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

COMPLAINT
*Perrong v. Auto Armor Specialist LLC*

45. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

46. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act (47 U.S.C. 227(b)) on behalf of the Do Not Call Class**

47. Plaintiff incorporates the allegations from paragraphs 1-45 as if fully set forth herein.

48. Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the Class while those persons' phone numbers were registered on the National Do Not Call Registry.

49. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

COMPLAINT
*Perrong v. Auto Armor Specialist LLC*

50. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant's agents from calling telephone numbers registered with the National Do Not Call Registry advertising their goods or services, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a class the Court deems appropriate, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class; and

D. Such other relief as the Court deems just and proper.

COMPLAINT
*Perrong v. Auto Armor Specialist LLC*

# JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: September 3, 2021

By: /s/ Rachel E. Kaufman
RACHEL E. KAUFMAN
KAUFMAN P.A.
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff Andrew Perrong and the Proposed Class*

COMPLAINT
*Perrong v. Auto Armor Specialist LLC*